IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

LAVERNE JOHNSON                                                                                       PLAINTIFF

V.                                                                            CAUSE NO.: 2:11CV212-SA-SAA

PARKWOOD BEHAVIORAL HEALTH
SYSTEM, an entity owned by
UNIVERSAL HEALTH SERVICES
FOUNDATION, a/k/a UNIVERSAL
HEALTH SERVICES, INC., a foreign corporation                             DEFENDANT

ORDER ON MOTIONS

The Court granted a Final Judgment on Defendant's Motion for Summary Judgment on April 30, 2013. Specifically, the Court found that Plaintiff failed to make a prima facie case of disability discrimination because she could not show a causal connection between her termination and her alleged disability. Moreover, the Court granted summary judgment on Plaintiff's Title VII retaliation claim as Plaintiff failed to engage in a protected activity.

Defendant filed its Bill of Costs [86] and a Motion for Attorneys' Fees [81]. Plaintiff has responded and contends attorneys' fees are not warranted and has also filed an Objection to the Bill of Costs. For the following reasons, the request for attorneys' fees is DENIED, while the Objection to the Bill of Costs is GRANTED IN PART and DENIED IN PART:

*Motion for Attorneys' Fees*

Defendant seeks attorneys' fees in the amount of $101,959.20 for work done between November 30, 2011, and March 31, 2013. Plaintiff contends that attorneys' fees are not appropriate under ADA and Title VII case law.

The ADA contains an attorney's fee provision:

In any action or administrative proceeding commenced pursuant to this chapter, the court or agency, in its discretion may allow the prevailing party, other than the

> United States, a reasonable attorney's fee, including litigation expenses, and costs, and the United States shall be liable for the foregoing the same as a private individual.

42 U.S.C. § 12205. Indeed, a prevailing defendant is entitled to recover attorney's fees if the court finds that the plaintiff's action was "frivolous, unreasonable or without foundation even though not brought in subjective bad faith." Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 421, 98 S. Ct. 694, 54 L. Ed. 2d 648 (1978). In applying these criteria, however, "it is important that a district court resist the understandable temptation to engage in post hoc reasoning by concluding that, because a plaintiff did not ultimately prevail, h[er] action must have been unreasonable or without foundation." Id. at 421-22, 98 S. Ct. 694. The Supreme Court further enunciated:

> No matter how honest one's belief that [s]he has been the victim of discrimination, no matter how meritorious one's claim may appear at the outset, the course of litigation is rarely predictable. Decisive facts may not emerge until discovery or trial. The law may change or clarify in the midst of litigation. Even when the law or the facts appear questionable or unfavorable at the outset, a party may have an entirely reasonable ground for bringing suit.

Id. at 422, 98 S. Ct. 694. Claims do not need to be "airtight" to avoid being frivolous, and courts must be careful not to use the benefit of perfect hindsight in assessing frivolous-ness. Id. at 421-22, 98 S. Ct. 694. Factors include "whether the plaintiff established a prima facie case, whether the defendant offered to settle, and whether the court held a full trial." Myers v. City of W. Monroe, 211 F.3d 289, 292 (5th Cir. 2000). These factors are "guideposts," and frivolousness must be judged on a case-by-case basis. See Doe v. Silsbee Indep. Sch. Dist., 440 F. App'x 421, 425 (5th Cir. 2011) (per curiam). Where a claim is "so lacking in merit" as to render it groundless, it may be classified as frivolous. United States v. Mississippi, 921 F.2d 604, 609 (5th Cir. 1991).

2

The Court determined based on the proof put forth at the summary judgment stage that Plaintiff could not meet her prima facie burden of disability discrimination or Title VII retaliation. Plaintiff's claim for disability discrimination flowed from her assumption that Dr. Tejinder Saini, as her treating psychiatrist and the medical director at Parkwood, would have informed Defendant of her bipolar condition at the time she was hired. Dr. Saini's deposition could not be arranged until February 5, 2013, at which time he averred that he had not discussed Plaintiff's bipolar diagnosis with Parkwood. Defendant filed its Motion for Summary Judgment in March of 2013. Plaintiff was unable to put forth proof that her alleged disability had any causal connection with her termination, and the Court granted the motion in April.

Based on a review of the record in this case, the Court cannot say that Plaintiff's claims were "so lacking in merit" as to render it groundless, despite the later dismissal of her action. Accordingly, attorneys' fees for the prevailing Defendant in this cause is not appropriate.

*Objection to Bill of Costs*

Plaintiff objects to Defendant's Bill of Costs submitted on the basis that $300.00 in mediation fees is not recoverable and $3,075.67 in deposition costs is unreasonable.

Rule 54(d)(1) controls where a party seeks to recover costs, and it provides, in relevant part, that "[u]nless a federal statute, these rules or a court order provides otherwise, costs—other than attorneys' fees—should be allowed to the prevailing party." FED. R. CIV. P. 54(d)(1). There is a strong presumption under Rule 54(d)(1) that the prevailing party will be awarded costs. Cheatham v. Allstate Ins. Co., 465 F.3d 578, 586 (5th Cir. 2006). The following six categories of costs are recoverable:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

A district court may decline to award costs within the statutory categories, but it may not award costs outside those categories. Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441–42, 107 S. Ct. 2494, 96 L. Ed. 2d 385 (1987). If the party against whom costs are taxed does not specifically object, the costs sought are presumed necessary for the case. Neutrino Dev. Corp. v. Sonosite, Inc., 2007 WL 998636 at *4 (S.D. Tex. Mar. 4, 2007). If there is an objection, the party seeking costs has the burden of supporting its request with evidence documenting the costs incurred, and proof, if applicable, as to whether the challenged amount was necessarily incurred in the case. Fogleman v. ARAMCO, 920 F.2d 278, 285–86 (5th Cir. 1991). Indeed, Section 1920 must be strictly construed. Mota v. Univ. of Tex. Houston Health Sci., 261 F.3d 512, 529 (5th Cir. 2001). The "Supreme Court has indicated that federal courts may only award those costs articulated in section 1920 absent explicit statutory or contractual authorization to the

contrary." Cook Children's Med. Ctr. v. The New England PPO Plan of Gen. Consolidation Mgmt. Inc., 491 F.3d 266, 274 (5th Cir. 2007).

Plaintiff contends that the submission of mediation fees is outside the ambit of Section 1920. Indeed, mediation fees are not listed as a recoverable cost of litigation, and the Defendant has put forth no authority to suggest that such costs are a taxable expense. See Baker v. Wash. Mut. Fin. Group, 2007 U.S. Dist. Lexis 11973, *47 (S.D. Miss. Feb. 20, 2007) (eliminating the mediation fee sought on cost submission); Wayne v. Dallas Morning News, 2000 U.S. Dist. Lexis 4097, *8 (N.D. Tex. Mar. 31, 2000) (holding that mediation fees are not compensable under Section 1920). Therefore, the Court reduces the Bill of Costs by $300.00.

Plaintiff additionally objects to Defendant's inclusion of certain deposition costs on the Bill of Costs. In particular, Plaintiff contends the Defendant has included charges for both the original deposition of the Plaintiff as well as a copy of that deposition. Further, Plaintiff challenges the inclusion of deposition fees for five of Defendant's employees on the basis that as employees, they were available to Defendant without the use of a deposition. Plaintiff also seeks to exclude fees associated with the deposition of Dr. Tejinder Saini. Plaintiff contends as Plaintiff's treating physician, all information sought was available through Plaintiff's medical records.

Section 1920 specifically provides for the recovery of costs for "any part of the stenographic transcript necessarily obtained for use in the case." The Fifth Circuit has held that, "[c]osts related to the taking of depositions and the copying of documents are allowed if the materials were necessarily obtained for use in the case." Stearns Airport Equip. Co., Inc. v. FMC Corp., 170 F.3d 518, 536 (5th Cir. 1999). Further, "it is not required that a deposition actually be introduced in evidence for it to be necessary for a case-as long as there is a reasonable

5

expectation that the deposition may be used for trial preparation, it may be included in costs." Id. (citing Fogleman, 920 F.2d at 285-86).

There must be some showing that the taking of a particular deposition was reasonably necessary at the time it was taken for the cost of the original deposition to be properly taxable as part of the costs of the action. The Defendant has failed to respond to Plaintiff's Objection and offer such showing. Therefore, the Court grants Plaintiff's request to limit the taxable fees on deposition costs with the exception of the deposition of Dr. Tejinder Saini, who Plaintiff admits in its Response to the Motion for Attorneys' Fees [88] was necessary for the case. Accordingly, the Bill of Costs shall be reduced by the amount claimed for the depositions of Christine Jones, Gloria Ryan, Stephanie Sowell, Audrey Johnson, and Victor Johnson,[1] as well as for the copying cost of the original deposition of LaVerne Johnson in the amount of $730.80.[2]

*Conclusion*

As Plaintiff's claims were not "frivolous, unreasonable or without foundation," attorneys' fees are not appropriate pursuant to the ADA or Title VII. See Christianburg Garment, 434 U.S. at 421, 98 S. Ct. 694. Defendant's Motion for Attorneys' Fees [81] is DENIED.

Defendant's Bill of Costs shall be reduced by the following amounts:

(1) Mediation Fees - $300.00

(2) Deposition Fees:

    a. Christine Jones - $154.00

    b. Gloria Ryan - $78.40

---

[1] Those requested expenses are as follows: Christine Jones - $154.40; Gloria Ryan - $178.40; Stephanie Sowell - $152.00; Audrey Johnson - $ 204.50; and Victor Johnson - $407.75.

[2] The receipt for LaVerne John son's deposition indicates that Defendant was charged $1,461.60 for "Original and 1 Copy/Word Index (Read & Sign)." The Court has simply halved that figure on the assumption that the charge would be the same for the original and a copy.

    c.  Stephanie Sowell - $152.00

    d.  Audrey Johnson - $204.50

    e.  Victor Johnson – $407.75

    f.  LaVerne Johnson - $730.80

Accordingly, Plaintiff is taxed $2,287.54 as costs in this action which is included in the judgment.

SO ORDERED, this the 5th day of November, 2013.

                                                         /s/ Sharion Aycock
                                                         **U.S. DISTRICT JUDGE**